# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3654 | **DATE** | 9/23/2010 |
| **CASE TITLE** | Williamson vs. Dart | | |

**DOCKET ENTRY TEXT**

Plaintiff may proceed on his retaliation/court access claim. The Clerk is respectfully requested to: (1) reopen the case; (2) issue summons for service on Defendant Dart by the U.S. Marshal; and (3) send Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

Plaintiff, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant, the Cook County Sheriff, violated Plaintiff's constitutional rights by failing to: (1) prosecute an inmate who assaulted Plaintiff at the jail, and (2) make Plaintiff available for a court hearing, purportedly in retaliation for Plaintiff's grievances and lawsuits.

By Minute Order of June 21, 2010, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* but dismissed his failure-to-prosecute claim on initial review pursuant to 28 U.S.C. § 1915A. The Court further ordered Plaintiff to show good cause in writing why his retaliation/court access claim should not be dismissed on preliminary review for failure to exhaust administrative remedies prior to bringing suit. The case was subsequently dismissed in light of Plaintiff's failure to respond to the Court's show cause order. See Minute Order of July 26, 2010.

Having been granted an extension of time to address the matter (see Minute Order of August 20, 2010), Plaintiff explains that he did file a grievance, but that he was transferred to state custody shortly after he initiated the grievance process and therefore received no response. In view of that response, the Court will not dismiss Plaintiff's retaliation/court access claim on preliminary review for failure to exhaust. Nothing in this opinion should be construed to address whether Plaintiff in fact has exhausted or whether the absence of a response rendered any or all remedies unavailable. See *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002).

In addition, Plaintiff's claim passes muster under 28 U.S.C. § 1915A. An act taken by a prison official in retaliation for an inmate's exercise of his First Amendment rights may form the basis of a civil rights suit, even if the same act, when taken for a different reason, would be otherwise permissible. See, *e.g.*, *Stanley v. Litscher*, 213 F.3d 340, 343 (7th Cir. 2000); *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000). Furthermore, Plaintiff

| STATEMENT |
|---|

may be entitled to relief under 42 U.S.C. § 1983 if he can show actual injury stemming from his missed court appearance. *Harrell v. Cook*, 169 F.3d 428, 432 (7th Cir. 1999). Accordingly, Plaintiff will be permitted to further develop his retaliation/court access claim. Defendant must respond to Plaintiff's allegations. This preliminary order to respond does not, of course, preclude the Sheriff from making any arguments that he may wish to present as affirmative defenses.

The Clerk shall issue summonses for service of the complaint on Defendant Dart. The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve Defendant Dart. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendant [or to defense counsel, once an attorney has entered an appearance on Defendant's behalf]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.